

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50302 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-03166-JLS-1 |
| v. | |
| REBECCA IRENE BRENES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted March 11, 2016**
Pasadena, California

Before: CLIFTON, CALLAHAN, and IKUTA, Circuit Judges.

Rebecca Brenes appeals the district court's judgment of conviction and

sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brenes argues that the district court erred in admitting photographs of the aliens inside the compartment, the driveshaft from the Suburban, and the video of the driveshaft spinning, because the probative value of this evidence was substantially outweighed by the risk of unfair prejudice under Federal Rules of Evidence, Rule 403. We disagree. The primary contested issue at trial was Brenes's knowledge of the aliens in her vehicle. The photograph of the aliens in the compartment provided the best and clearest evidence of their close proximity to the driveshaft. The admission of the driveshaft itself and of the video showing the driveshaft spinning a low rate of speed was likewise probative of the central issue at trial. Most people have not examined a driveshaft or seen it in operation. A functional demonstration helped to clarify the danger that it posed, and that tended to demonstrate Brenes's knowledge, because, as the government argued, she would have to drive carefully in order to prevent injury to the aliens in the compartment.

In contrast, the potential for unfair prejudice was not very high. To be sure, there was some potential that the jurors would have an emotional response to the photograph depicting the aliens. *See, e.g.*, *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005). But the evidence here was not so graphic or shocking that it would be likely to engender a strong and improper emotional

response against the Defendant. At most, the aliens seem frightened and bewildered. The driveshaft itself and the video of it spinning at a low rate of speed were, likewise, not particularly graphic. Therefore, any unfair prejudice did not substantially outweigh the high probative value of this evidence under Rule 403.

Brenes argues that the government committed misconduct by making improper statements during its opening and closing arguments. Assuming *arguendo* that the prosecutor's description of the driveshaft as a "meat grinder" and his speculation that an alien who was injured by the driveshaft would have screamed out in pain were inappropriate, such characterizations were harmless. The prosecution was entitled to argue that the driveshaft was dangerous because that fact provided circumstantial evidence of Brenes's knowledge. The prosecution could also have properly described the type of danger that the driveshaft posed, severe cuts and burns. Even using the most sterile of descriptors, the profile that could have permissibly been presented to the jury differs little from the profile that was actually presented to the jury. Therefore, Brenes fails to establish that "it is more probable than not that the misconduct materially affected the verdict." *United States v. Christophe*, 833 F.2d 1296, 1301 (9th Cir. 1987).

Brenes argues that the district court improperly sustained five hearsay objections because the out-of-court statements were not offered to prove the truth

of the matters asserted, and that as a result, her constitutional right to present a complete defense was violated. But even assuming that these statements were not offered for the truth of the matters asserted, all of the evidence was successfully introduced through other sources. Specifically, Brenes elicited that Magana knew that she was looking for a car prior to her trip to Mexico, that Magana is the person who recommended the Suburban to her, and that Magana arranged for her car to be repaired at the shop where the aliens were put into the car. Therefore, Brenes was not denied her constitutional right to put forward a complete defense, and the harmless error standard enunciated in Federal Rules of Criminal Procedure, Rule 52(a) applies. Under that standard, Brenes cannot show that the district court's error had "a substantial impact on the jury's deliberation." *United States v. Lopez-Alvarez*, 970 F.2d 583, 588–89 (9th Cir. 1992) (holding that the erroneous exclusion of hearsay evidence was harmless because the "excluded testimony . . . would have had limited probative value beyond that of other evidence before the jury").

Brenes argues that the cumulative effect of the asserted trial errors warrants reversal. But the driveshaft evidence was properly admitted, any improper argument was harmless, and all of the excluded hearsay evidence was introduced

in another form.  Therefore, the cumulative effect of the asserted trial errors did not rise to the level of prejudice.

**AFFIRMED.**